# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
### Civil Cover Sheet

LACKAWANNA _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: MARGARET MORGAN | Lead Defendant's Name: COMENITY BANK ET AL |
|---|---|

| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☒ within arbitration limits ☐ outside arbitration limits |
|---|---|

| **Is this a *Class Action Suit*?** ☒ Yes ☐ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: JOSEPH T SUCEC ESQ.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: _____

*Updated 1/1/2011*

Joseph T. Sucec, Esq.
Attorney for Plaintiff
PO Box 317
Grantham, PA 17027
717-315-2359
joesucec@comcast.net
PA74482

## IN THE COURT OF COMMON PLEAS
### LACKAWANNA COUNTY, PENNSYLVANIA

MARGARET MORGAN  :
  plaintiff,    :
  v.       :  No. 17cv469
Comenity Bank    :
  defendant   :  CIVIL ACTION - LAW
         :  CLASS ACTION
         :  JURY TRIAL DEMANDED

### NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lackawanna Pro Bono, Inc.    North Penn Legal Services
321 Spruce St        Suite 300, 507 Linden Street
Scranton, PA 18503      Scranton, PA 18503
570-961-2714        Phone: (570) 342-0184 (800) 982-4387
           Fax: (570) 342-4301

Joseph T. Sucec, Esq.
Attorney for Plaintiff
PO Box 317
Grantham, PA 17027
717-315-2359
joesucec@comcast.net
PA74482

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

MARGARET MORGAN  :
    plaintiff,  :
    v.  :    No. 17CV____
Comenity Bank  :
    defendant  :    CIVIL ACTION - LAW
    :    CLASS ACTION
    :    JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. MARGARET MORGAN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Comenity Bank ("Defendant"), in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.. ("TCPA") and a state cause of action for invasion of privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### JURISDICTION AND VENUE

2. Jurisdiction is proper under 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas, and based on **Yellow Freight Systems, Inc. v. Donnelly, 494 US 820, 822 (1990)**, allowing federal claims to be brought in state court where federal court jurisdiction has not been made exclusive.

3. Because Plaintiff avers and alleges a state-wide class of victims of violations of the TCPA by Defendant, and avers that said class meets the criteria for class actions related in 231 Pa. Code 1700 et seq. (explained in detail in ensuing paragraphs), jurisdiction is also asserted for the Court of Common Pleas.

4. Further, Plaintiff Venue is proper in the Court of Common Pleas of this county as Plaintiff Prukala was at all times relevant, and still is, a resident of Lackawanna County, Pennsylvania

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Commonwealth of Pennsylvania and, for the purposes of the statute purported to be violated here, a "person" as defined by 47 U.S.C. § 153 (10).

6. Defendant is a corporation engaged in, among other enterprises, collections of alleged past due bills for other business clients, with headquarters at 3100 Easton Square Place Columbus, OH 43219-6232, and is similarly defined as a "person."

## FACTUAL ALLEGATIONS

7.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 17 U.S.C. § 153 (10).

8. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 17 U.S.C. § 153(10)

9. Since both parties are located within the Commonwealth of Pennsylvania, Defendant's

relevant business in this matter was conducted within the Commonwealth as well.

10. From March 1, 2017 until the present Plaintiff received numerous telephone calls on her mobile telephone, each leaving a voice mail imploring her to return the call. Each call was traceable to 800-225-9804, a number in turn traceable to Defendant.

11. The nature and circumstances of the call from Defendant indicate that said call came from and was generated from an "automatic telephone dialing system" as defined by 47 USC 227(a)(1)

12. At no point did Plaintiff ever give permission, implied or express, to Defendant, to contact her mobile telephone via an automatic telephone dialing system.

13. Without such permission from Plaintiff, Defendant's actions are directly violative of 47 USC(b)(1)(A)(iii).

14. The telephone number that the Defendant, or its agents, called was assigned to Plaintiff via her mobile carrier, .

15. This unsolicited voice mail message placed to Plaintiff's cellular telephone was to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1), as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

16. Further, the voice mail was not for emergency purposes as defined by the statute.

17. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

19. Defendant knew or should have known that its actions violated the TCPA Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the TCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

22. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

24. The elements for a class action in Pennsylvania are contained within 231 Pa. Code 1702:

**Rule 1702. Prerequisites to a Class Action.**

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

25. Plaintiff represents, and is a member of the Class, consisting of all persons within the Commonwealth who received any unsolicited voice mail messages from Defendant, which were not made for emergency purposes or with the recipient's prior express consent.

26. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27 . Plaintiff and members of the Class were harmed by the acts of Defendant in at illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and/or confirmatory text message, thereby least the following ways: Defendant, either directly or through its agents, causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which

Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact  to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant transmitted any voice mail messages (other than a voice mail message for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b) the extent of damages for such violation; and

c) Whether Plaintiff and the Class members were damaged thereby. and

d) Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received at least one voice mail message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

32. Plaintiff will fairly and adequately represent and protect the Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.

33. If the Class is not certified for this action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34. Absent a class Plaintiff has retained counsel experienced in handling class action claims.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Commonwealth law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to

the Class as a whole.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

37.  Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq. Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future. .

## COUNT II
## INVASION OF PRIVACY

41      Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

42. Defendant, by repeatedly contacting Plaintiff during business hours on her cellular telephone line invaded her privacy.

43. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully below and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

44. Plaintiff avers that the damages for the instant count fall within arbitration limits, but include:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a. As a result of Defendants' negligent violations of **the TCPA**, Plaintiff seeks for Plaintiff and each Class member any actual damages sustained as a result of Defendants' behavior violative of the statute, as well as relevant to the common law causes of action set forth here. Plaintiff estimates this total, including but not limited to lost time in dealing with said violations, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

1. Client consultation and review of file.          2.5

2.. Drafting of complaint, editing, review with client document processing and filing          1.5

3. Service of process of writ and complaint          .25

_____

4.25 hours@$500/hour

For a total (attorneys fees) of $2,125.

For grand total of all damages of $18,125.

e. Injunctive relief prohibiting such actions by Defendant in the future.

f. Any other relief the Court may deem just and proper.

Respectfully submitted,

Date: 7/31/2017

_____
Joseph T. Succe, Esq.

VERIFICATION STATEMENT

I verify that the statements made in the complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 7-31-17

_Margaret Morgan_

$4.75
AUG 07 2017
AMOUNT
R2305K141073-03




43219
1000

7016 0600 0000 5374 9479

717-315-2359
jpcsucce@comcast.net

Comenity Bank
3100 Easton Square Place
Columbus OH
43219

Legal